UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LOUIS FALCONE,

                 Plaintiff,

      -against-

THE CITY OF NEW YORK, POLICE OFFICER
PHILLIP ALFANO, POLICE OFFICER ROBERT
RAMIREZ, POLICE OFFICER ERIK MILLER AND
POLICE OFFICER JOSEPH RANOLA,

                 Defendants.
------------------------------------------------------------------X

**AMENDED COMPLAINT AND JURY DEMAND**

Civil Action No.:
1:16 cv 03034 (MKB)(LB)

Plaintiff Louis Falcone, by and through his attorneys, the law firm of Subin Associates, LLP, state as follows:

## INTRODUCTION

1. This is an action for damages for the wrongful acts of defendants THE CITY OF NEW YORK, Police Officer Phillip Alfano, Police Officer Robert Ramirez, Police Officer Erik Miller, and Police Officer Joseph Ranola, each individually and as police officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of plaintiff's rights secured by 42 U.S.C. Section 1983 and the Fourth and Fourteenth Amendments to the Constitution and laws of the United States.

2. On June 19, 2015 plaintiff Louis Falcone was assaulted and battered by four uniformed New York City police officers, defendants Phillip Alfano, Robert Ramirez, Erik Miller, and Joseph Ranola, when these officers responded to a noise complaint and physically pulled Mr. Falcone from his home and repeatedly kicked, elbowed, pushed, grabbed, dragged, and otherwise assaulted and battered plaintiff right in front of his home while yelling homophobic slurs at

Mr. Falcone.

3. This altercation was captured on video by a neighbor filming from his nearby residence.

4. Mr. Falcone was not arrested or charged with any crime or violation as result of the alleged noise complaint and ensuing altercation.

5. Defendants Phillip Alfano, Robert Ramirez, Erik Miller, and Joseph Ranola, acting under the color of law, committed these unwarranted and unjustified assaults upon plaintiff.

6. These willful violations of Mr. Falcone's constitutional rights could only have occurred due to a complete absence of supervision and training for police officers concerning responding to noise complaints, when to use force, and what constitutes excessive force.

7. As a direct result of the defendants' assault committed under the color of state law, plaintiff Louis Falcone's constitutional rights were violated and he has suffered severe physical, emotional, and monetary damages.

## JURISDICTION

8. This Court has federal question jurisdiction, pursuant to 42 U.S.C. § 1983.

9. Supplemental jurisdiction over Mr. Falcone's state law claims exists pursuant to 28 U.S.C. § 1367(a).

10. Mr. Falcone has complied with the requirements of New York General Municipal Law Section 50-i by serving a notice of claim on the New York City Law Department on August 14, 2015, within the time required by New York General Municipal Law Section 50-3. More than thirty days have elapsed since the service of that notice, and no offer of settlements has been made.

11. At the request of the City of New York, Mr. Falcone submitted to a hearing pursuant to New York General Municipal Law Section 50-h.

## VENUE

12. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York, the judicial district in which the claims arose.

## JURY DEMAND

13. Pursuant to the Seventh Amendment of the United States Constitution, plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

14. Plaintiff Louis Falcone was at all times material to this Complaint a citizen and resident of the State of New York. He remains a citizen of New York and resides in Staten Island.

15. The City of New York, which is a municipality that is a political subdivision of the State of New York, was the employer of the individual defendants, and is and was at all times relevant to this Complaint responsible for the policies, practices, and customs of the New York City Police Department ("NYPD")

16. Defendant Phillip Alfano at all times relevant to this Complaint was a duly appointed police officer of the NYPD, acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the state of New York.

17. Defendant, Robert Ramirez at all times relevant to this Complaint was a duly appointed police officer of the NYPD, acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the State of New York.

18. Defendant, Erik Miller at all times relevant to this Complaint was a duly appointed police officer of the NYPD, acting under color of law and in his individual capacity within the scope

        of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the State of New York.

19. Defendant, Joseph Ranola at all times relevant to this Complaint was a duly appointed police officer of the NYPD, acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the State of New York.

## FACTS

20. On June 19, 2015 at approximately 6:00 a.m., Plaintiff Louis Falcone was asleep at his home located at 107 Mapleton Avenue in Staten Island, New York when four uniformed New York City police officers knocked on his door. The officers stated they were they responding to a noise complaint.

21. Mr. Falcone opened the door with his 25 pound dog by his side and responded that there had been an argument between his brother and himself much earlier but that the situation had fully resolved and his brother had left and was no longer present at the premises. The officers then instructed Mr. Falcone to step outside. Mr. Falcone questioned the officers regarding the basis for the necessity of the request to step outside.

22. Following Mr. Falcone's questioning with respect to why he needed to leave his home, Mr. Falcone's dog began barking and one of the officers reached for his gun and stated that if Mr. Falcone didn't shut his dog up, that he would shoot it.

23. Mr. Falcone then proceeded to turn to his dog to try and quiet him. When Mr. Falcone turned to his dog, the defendant police officers threw his door open, grabbed Mr. Falcone and threw him to the ground outside of his home.

24. While Mr. Falcone was on the ground, he was repeatedly kicked, elbowed, dragged and

further slammed into the ground.

25. Mr. Falcone was wearing a surgical boot on his left foot at the time of this incident for a recent surgical operation that he had undergone.

26. While Mr. Falcone was on the ground he pleaded for the officers to watch out for his foot because he recently underwent surgery and after that one of the police officers repeatedly stomped on his foot and surgical boot.

27. While Mr. Falcone was on the ground one of the officers stepped on his head causing Mr. Falcone's nose to break and bleed.

28. Mr. Falcone spit blood out of his mouth and one of the officers stated, "Don't let the faggot get blood on you, he probably has AIDS."

29. Mr. Falcone began crying and was in fear that the officers were going to kill him.

30. After the incident, Mr. Falcone was taken to Staten Island University North Site by ambulance.

## CUSTOM AND PRACTICE OF FAILING TO TRAIN OR SUPERVISE

31. The NYPD had a custom, policy, or pattern and practice of failing to adequately train, supervise, or discipline officers concerning basic techniques in responding to noise complaints, the use of force, as well as excessive force.

## DAMAGES

32. The actions of the defendants deprived the plaintiff of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of New York.

33. The unlawful, intentional, willful, acts of the defendants Phillip Alfano, Robert Ramirez, Erik Miller, and Joseph Ranola caused great mental and physical distress and pain and suffering to Mr. Falcone which he suffers from and will continue to suffer from.

## FIRST CLAIM: 42 U.S.C. §1983 4TH AND 14TH AMENDMENT CLAIMS FOR FALSE FALSE IMPRISONMENT

34. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 33.

35. Defendants, despite knowing that probable cause did not exist to arrest Mr. Falcone, confined Mr. Falcone against his will.

## SECOND CLAIM: VIOLATION OF CONTITUTIONAL RIGHTS: THE EXCESSIVE USE OF FORCE AND ASSAULT AND BATTERY (DEFENDANT PHILLIP ALFANO)

36. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 35.

37. On June 19, 2015 at approximately 6:00 a.m., at 107 Mapleton Avenue in the County of Richmond, City and State of New York, the defendant PHILLIP ALFANO, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used unnecessary and excessive force in forcibly removing Mr. Falcone from his home of 107 Mapleton Avenue, Staten Island, New York, and subsequently kicking, stomping, elbowing, and otherwise battering Mr. Falcone while on the ground and restrained outside of his home.

38. That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used unnecessary and excessive force, beyond what any reasonable officer would under the circumstances, in that they repeatedly kicked and stomped on Mr. Falcone's injured foot that was in a surgical boot, elbowed, and otherwise battered Mr. Falcone while he was restrained on the ground

39. By reason of the aforesaid, plaintiff Louis Falcone suffered great physical damage and pain,

intimidation and fear, conscious pain and suffering and was otherwise damages.

40. The acts and conduct of defendant PHILLIP ALFANO, as alleged in the foregoing paragraphs, constitute objectively unreasonable, unnecessary and excessive force in violation of 42 U.S.C. §1983.

41. Defendant PHILLIP ALFANO'S intentional and objectively unreasonable, unnecessary and excessive use of force caused Plaintiff to be placed in reasonable fear of imminent harmful and offensive bodily contact.

42. Defendants PHILLIP ALFANO intentionally and wrongfully engaged in physical contact with Plaintiff without Plaintiff's consent, seriously injuring Plaintiff.

43. By reason of his acts and omissions, Defendant PHILLIP ALFANO, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

44. As a result of the conduct of Defendants PHILLIP ALFANO and City of New York, Plaintiff suffered serious physical injury causing Plaintiff to experience pain and suffering, future pain and suffering, disabling physical symptoms. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

45. As a result of the conduct of Defendants PHILLIP ALFANO and City of New York, Plaintiff has been forced to incur, past, present, and future medical expenses and was and continues to be deprived of his privacy and liberty, and in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which have caused diminution in the quality of Plaintiff's

life and may be permanent.

46. In addition, the acts of the Defendant PHILLIP ALFANO were so egregious and reprehensible and were performed in a manner which so violates the law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendant should also be required to pay punitive damages to punish him for his reprehensible conduct and to deter him from such conduct in the future, and as an example to others similarly situated.

**THIRD CLAIM: VIOLATION OF CONTITUTIONAL RIGHTS: THE EXCESSIVE USE OF FORCE AND ASSAULT AND BATTERY (Defendant: ROBERT RAMIREZ)**

47. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 46.

48. On June 19, 2015 at approximately 6:00 a.m., at 107 Mapleton Avenue in the County of Richmond, City and State of New York, the defendant ROBERT RAMIREZ, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used unnecessary and excessive force in forcibly removing Mr. Falcone from his home of 107 Mapleton Avenue, Staten Island, New York, and subsequently kicking, stomping, elbowing, and otherwise battering Mr. Falcone while on the ground and restrained outside of his home.

49. That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used unnecessary and excessive force, beyond what any reasonable officer would under the circumstances, in that they repeatedly kicked and stomped on Mr. Falcone's injured foot that was in a surgical boot, elbowed, and otherwise battered Mr. Falcone while he was

restrained on the ground

50. By reason of the aforesaid, plaintiff Louis Falcone suffered great physical damage and pain, intimidation and fear, conscious pain and suffering and was otherwise damaged.

51. The acts and conduct of defendant ROBERT RAMIREZ, as alleged in the foregoing paragraphs, constitute objectively unreasonable, unnecessary and excessive force in violation of 42 U.S.C. §1983.

52. Defendant ROBERT RAMIREZ's intentional and objectively unreasonable, unnecessary and excessive use of force caused Plaintiff to be placed in reasonable fear of imminent harmful and offensive bodily contact.

53. Defendants ROBERT RAMIREZ intentionally and wrongfully engaged in physical contact with Plaintiff without Plaintiff's consent, seriously injuring Plaintiff.

54. By reason of his acts and omissions, Defendant ROBERT RAMIREZ, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

55. As a result of the conduct of Defendants ROBERT RAMIREZ and City of New York, Plaintiff suffered serious physical injury causing Plaintiff to experience pain and suffering, future pain and suffering, disabling physical symptoms. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

56. As a result of the conduct of Defendants ROBERT RAMIREZ and City of New York, Plaintiff has been forced to incur past, present, and future medical expenses and was and continues to be deprived of his privacy and liberty, and in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety. Suffer

humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which have caused diminution in the quality of Plaintiff's life and may be permanent.

57. In addition, the acts of the Defendant ROBERT RAMIREZ were so egregious and reprehensible and were performed in a manner which so violates the law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendant should also be required to pay punitive damages to punish him for his reprehensible conduct and to deter him from such conduct in the future, and as an example to others similarly situated.

## FOURTH CLAIM: VIOLATION OF CONTITUTIONAL RIGHTS: THE EXCESSIVE USE OF FORCE AND ASSAULT AND BATTERY (Defendant: ERIK MILLER)

58. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 57.

59. On June 19, 2015 at approximately 6:00 a.m., at 107 Mapleton Avenue in the County of Richmond, City and State of New York, the defendant ERIK MILLER, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used unnecessary and excessive force in forcibly removing Mr. Falcone from his home of 107 Mapleton Avenue, Staten Island, New York, and subsequently kicking, stomping, elbowing, and otherwise battering Mr. Falcone while on the ground and restrained outside of his home.

60. That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used unnecessary and excessive force, beyond what any reasonable officer in the

circumstances, in that they repeatedly kicked and stomped on Mr. Falcone's injured foot that was in a surgical boot, elbowed, and otherwise battered Mr. Falcone while he was restrained on the ground

61. By reason of the aforesaid, plaintiff Louis Falcone suffered great physical damage and pain, intimidation and fear, conscious pain and suffering and was otherwise damages.

62. The acts and conduct of defendant ERIK MILLER, as alleged in the foregoing paragraphs, constitute objectively unreasonable, unnecessary and excessive force in violation of 42 U.S.C. §1983.

63. Defendant ERIK MILLER's intentional and objectively unreasonable, unnecessary and excessive use of force caused Plaintiff to be placed in reasonable fear of imminent harmful and offensive bodily contact.

64. Defendants ERIK MILLER intentionally and wrongfully engaged in physical contact with Plaintiff without Plaintiff's consent, seriously injuring Plaintiff.

65. By reason of his acts and omissions, Defendant ERIK MILLER, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

66. As a result of the conduct of Defendants ERIK MILLER and City of New York, Plaintiff suffered serious physical injury causing Plaintiff to experience pain and suffering, future pain and suffering, disabling physical symptoms. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

67. As a result of the conduct of Defendants ERIK MILLER and City of New York, Plaintiff has been forced to incur, past, present, and future medical expenses and was and continues to be

deprived of his privacy and liberty, and in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which have caused diminution in the quality of Plaintiff's life and may be permanent.

68. In addition, the acts of the Defendant ERIK MILLER were so egregious and reprehensible and were performed in a manner which so violates the law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendant should also be required to pay punitive damages to punish him for his reprehensible conduct and to deter him from such conduct in the future, and as an example to others similarly situated.

## FIFTH CLAIM: VIOLATION OF CONTITUTIONAL RIGHTS: THE EXCESSIVE USE OF FORCE AND ASSAULT AND BATTERY (Defendant: JOSEPH RANOLA)

69. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 68.

70. On June 19, 2015 at approximately 6:00 a.m., at 107 Mapleton Avenue in the County of Richmond, City and State of New York, the defendant JOSEPH RANOLA, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used unnecessary and excessive force in forcibly removing Mr. Falcone from his home of 107 Mapleton Avenue, Staten Island, New York, and subsequently kicking, stomping, elbowing, and otherwise battering Mr. Falcone while on the ground and restrained outside of his home.

71. That the defendants, their agents, servants and employees, acting as agents and on behalf of

the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used unnecessary and excessive force, beyond what any reasonable officer in the circumstances, in that they repeatedly kicked, stomped on Mr. Falcone's injured foot that was in a surgical boot, elbowed, and otherwise battered Mr. Falcone while he was restrained on the ground

72. By reason of the aforesaid, plaintiff Louis Falcone suffered great physical damage and pain, intimidation and fear, conscious pain and suffering and was otherwise damages.

73. The acts and conduct of defendant JOSEPH RANOLA, as alleged in the foregoing paragraphs, constitute objectively unreasonable, unnecessary and excessive force in violation of 42 U.S.C. §1983.

74. Defendant JOSEPH RANOLA's intentional and objectively unreasonable, unnecessary and excessive use of force caused Plaintiff to be placed in reasonable fear of imminent harmful and offensive bodily contact.

75. Defendant JOSEPH RANOLA intentionally and wrongfully engaged in physical contact with Plaintiff without Plaintiff's consent, seriously injuring Plaintiff.

76. By reason of his acts and omissions, Defendant JOSEPH RANOLA, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

77. As a result of the conduct of Defendants JOSEPH RANOLA and City of New York, Plaintiff suffered serious physical injury causing Plaintiff to experience pain and suffering, future pain and suffering, disabling physical symptoms. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

78. As a result of the conduct of Defendants JOSEPH RANOLA and City of New York, Plaintiff has been forced to incur past, present, and future medical expenses and was and continues to be deprived of his privacy and liberty, and in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which have caused diminution in the quality of Plaintiff's life and may be permanent.

79. In addition, the acts of the Defendant JOSEPH RANOLA were so egregious and reprehensible and were performed in a manner which so violates the law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendant should also be required to pay punitive damages to punish him for his reprehensible conduct and to deter him from such conduct in the future, and as an example to others similarly situated.

## SIXTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS (Defendant: CITY OF NEW YORK)

80. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 79.

81. At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de facto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

82. These policies, practices and customs include, *inter alia*, the use of excessive force in performing their police duties.

83. Upon information and belief, defendant CITY OF NEW YORK failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the defendant officers, sergeants and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detectives, sergeants and employees, thereby permitting and allowing the defendant officers, sergeants and employees herein to be in a position to maliciously assault and batter the plaintiff without cause of justification, in a demonstration of the unnecessary and excessive force used against plaintiff, that was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause him injury and violate his constitutional rights, and/or permit these actions to take place with their knowledge and/or consent.

84. Upon information and belief, defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress. *Inter alia*, the structure was deficient, at the time of selection of detectives, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at

large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

85. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

86. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-86 deprived plaintiff Louis Falcone of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure, assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

87. By these actions, defendant CITY OF NEW YORK has deprived plaintiff Louis Falcone of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983 and the New York State Constitution, Article 1 §§6, 11, and 12.

88. As a result of the foregoing, plaintiff Louis Falcone sustained great physical injuries, great emotional injuries, was subjected to extreme humiliation and was otherwise harmed, damaged, and injured.

## PRAYER FOR RELIEF

**WHEREFORE** Louis Falcone demands judgment against defendants as follows:

(a) Full and fair compensatory damages in an amount to be determined by a jury including but not limited to specific damages,

(b) Punitive damages as allowed by law in an amount to be determined by a jury;

(c) Reasonable attorney's fees and other costs and disbursements of this action;

(d) Interest on all awards as allowed by law; and

(e) Such other and further relief as appears just and proper.

**Dated: New York, New York**
**August 29, 2016**

                                                                                                      _____
                                                                                                      ERIC D. SUBIN, ESQ. (7183)
                                                                                                      Subin Associates, LLP
                                                                                                      Attorney for Plaintiff
                                                                                                      150 Broadway – 23rd Floor
                                                                                                      New York, New York 10038