

233 Broadway, Suite 900
New York, NY 10279
Tel/Fax: 347.470.3707
ksmith@legalsmithny.com

October 14, 2019

**BY ECF AND CHAMBERS EMAIL**
Judge Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

        Re:    *Falcone v. The City of New York et al.,* 16-cv-03034 (MKB)(LB)

Your Honor:

I, along with Adam Roth, Esq., represent plaintiff, Luis Falcone, in the above-referenced Civil Rights action. I am writing in response and objection to defendants' proposed special interrogatories.

**Qualified Immunity is Not Available Here**

In the event that there is a plaintiff's verdict, special interrogatories should not be submitted to the jury because the defense of Qualified Immunity is not available here. A qualified immunity defense is established if "(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." Salim v. Proulx, 93 F.3d 86, 89 (2d Cir.1996). The Second Circuit has explained that "[a]n officer's actions are objectively unreasonable when no officer of reasonable competence could have made the same choice in similar circumstances." Lennon v. Miller, 66 F.3d 416, 420–21 (2d Cir.1995).

Under plaintiff's version of the facts – which must be accepted as true for purposes of a Qualified Immunity analysis – defendants lied about observing plaintiff having pre-existing injuries and charging at officers. Since plaintiff claims that defendant falsified information, qualified immunity in unavailable as a defense. Babi-Ali v. City of New York, 979 F. Supp. 268, 275 (S.D.N.Y. 1997)("[T]he right of qualified immunity does not protect those who knowingly violate the law."). Moreover, in cases where there are divergent facts - as there are here - qualified immunity is not available. Garcia v. City of N.Y., 2013 U.S. Dist. LEXIS 147149, at *31-32 (E.D.N.Y. July 17, 2013) citing Robertson v. Sullivan, 2010 WL 1930658, at *2 (E.D.N.Y. May 12, 2010) (finding that "where there is a stark factual dispute about what happened, the merits of the ... plaintiff's Fourth Amendment claim and the defendant's claim of qualified immunity can both ride on whether the jury believes the plaintiff or the defendant" and "there may be no special interrogatory that will illuminate the legal question to be decided by the court because the jury's verdict compels a specific resolution of the claim of qualified immunity.") Accordingly, special interrogatories should not be admitted.

**Defendants' Subjective State of Mind is Irrelevant**

Should the court allow special interrogatories, it is essential that these queries not include the jury's determination of defendant's subjective good faith.[1] It is firmly established that the defense of qualified immunity does not rest on considerations of the officers' good faith in taking an official action. See Henry v. Dinelle, 929 F. Supp. 2d 107, 118 (N.D.N.Y. 2013) aff'd, 557 F. App'x 20 (2d Cir. 2014)(In determining objective reasonableness "a jury should *not* consider what the defendant's subjective state of mind was—regardless of whether that defendant was acting in *good faith*, or was actually intending to harm the plaintiff.")(emphasis added); Farrell v. City of New York, 15-cv-8401 (PAE) (excluding special interrogatories that ask the jury to determine the officer's subjective belief). The consideration of an officials' subjective thoughts or beliefs about the legitimacy or lawfulness of their conduct is wholly improper in the qualified immunity analysis. See Anderson v. Creighton, 483 U.S. 635, 641, 107 S. Ct. 3034, 3040, 97 L. Ed. 2d 523 (1987)("this does not reintroduce into qualified immunity analysis the inquiry into officials' subjective intent that Harlow sought to minimize...The relevant question in this case, for example, is the objective (albeit fact-specific) question whether a reasonable officer could have believed Anderson's warrantless search to be lawful...Anderson's subjective beliefs about the search are *irrelevant*."); Abrams v. Dep't of Pub. Safety, 2014 WL 4191178 (2d Cir. 2014)("Finally, 'we do not consider the *subjective* intent, motives, *or beliefs* of the officials...Instead, we use an objective standard for judging the actions of state and federal officials.'"). Rather, qualified immunity must *only* consider what is *objectively* reasonable under the circumstances. See e.g. Davis v. Scherer, 468 U.S. 183, 191, 104 S. Ct. 3012, 3017, 82 L. Ed. 2d 139 (1984): As subsequent cases recognized...the "totality of the circumstances" test *[first]* comprised two separate inquiries: an inquiry into the objective reasonableness of the defendant official's conduct in light of the governing law, and an inquiry into the official's subjective state of mind...[however] Harlow v. Fitzgerald, "*rejected* the inquiry into state of mind in favor of a *wholly objective* standard...*No other "circumstances" are relevant* to the issue of qualified immunity. Id. (emphasis added)(alteration added). As such, interrogatories that ask the jury whether the defendant "mistakenly believed" or "reasonably believed" in the existence of certain facts would be wholly inappropriate. Here, the questions proposed by defendants, Nos. 2-7, asks the jury "Did any defendant(s) believe, even if mistaken…" Moreover, questions Nos. 8-11 as the jury to determine whether officers behaved with "intent" which both calls for a legal conclusion and an analysis of their subjective state of mind. These questions are clearly inappropriate as it asks the jury to determine whether officers *subjectively believed* several facts, and should not submitted to the jury.

**Plaintiff's Proposed Special Interrogatories**

Accordingly, if the court finds it necessary to submit interrogatories to the jury it should include only queries that ask the jury to make specific factual determinations to assist the court in determining whether defendant's actions were objectively reasonable. Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007) (finding that the jury must resolve "any disputed facts that are material to the qualified immunity issue," so that the *court* may make the "ultimate determination of whether the officer's conduct was objectively reasonable ....") (internal citations omitted); Warren v. Dwyer,

---

[1] The undersigned has had numerous trials with the City, where they improperly submit special interrogatories to include defendant's subjective good faith (i.e. "did defendant reasonably believe").

2

906 F.2d 70, 76 (2d Cir. 1990) (finding that unresolved factual issues should be left to the jury whereas [t]he ultimate legal determination whether, on the facts found, a reasonable police officer should have known he acted unlawfully is a question of law better left for *the court to decide*.") cert. denied, 498 U.S. 967, 112 L. Ed. 2d 414, 111 S. Ct. 431 (1990)(emphasis added). Accordingly, questions Nos. 7-11 call for conclusions of law. Specifically, question No. 7 asks the jury for the first time to determine whether plaintiff was resisting arrest. The jury was never charged on this crime, and should not now be asked to make that legal conclusion. Questions No. 8-11 also ask the jury to determine whether the officers acted with "intent" also a term of art and request for a finding on a legal conclusion. So to the extent special interrogatories are submitted to the jury they should only ask for factual findings, not legal conclusions.

Thus, should the Court find that special interrogatories are necessary in this case, plaintiff respectfully requests that defendants' proposed questions should not be brought to the jury.

I thank the Court for its time and consideration of the within matter.

Sincerely,

Katherine E. Smith

cc: *Counsel for Defendants* (By ECF and Email)